JUDGE HARDIN
delivered the opinion of the cohrt :
The only question presented for our determination is, whether the demurrer of the appellant to the petition was properly overruled or not.
*163 We think the statements of the petition, if true, constitute a valid cause of action. The petition alleges, in substance, that the appellant, in fraudulent complicity with General E. A. Payne, acting military commander of the western district of Kentucky, sold and delivered to the appellee five hogsheads of tobacco at the price of two thousand three hundred and thirty-three dollars and sixty-two cents, which he paid to the appellant, and received the tobacco from him, in good faith, believing the sale to have been lawfully made; but that the tobacco in fact belonged to one E. A. Linsay, from whom Payne, aided and abetted by the appellant, in the exercise of illegal, arbitrary, and despotic power, had caused it to be taken, against the will of the owner, Linsay, who subsequently sued the appellee for the tobacco in the Jefferson circuit court and recovered it
It is an old and well-established principle that an action will lie to recover back money which had been advanced upon a fraudulent consideration or the want of consideration. (Ford and Warren vs. Leathers, 4 Bibb, 512.) And the ruling of the court in this case seems in strict conformity to this principle.
Wherefore, the judgment is affirmed, with damages.